# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-220V
Filed: September 18, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| DOROTHY KEEGAN, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * Attorney Fees and Costs; Stipulation |
| SECRETARY OF HEALTH AND | * |
| HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Diana Stadelnikas Sedar, Esq.*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
*Christine Becer, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 4, 2015, Dorothy Keegan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury resulting from the tetanus-diphtheria-acellular pertussis ["Tdap"] vaccine she received on October 11, 2013. Petition, ¶¶ 1, 9, 11. On August 27, 2015, a decision was issued awarding compensation to petitioner based on the parties' stipulation.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On September 18, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs. According to the stipulation, the parties agree upon an award of $14,324.20 for attorney's fees and costs. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses in this case. Stipulation, ¶ 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). The proposed amount is reasonable.

**Accordingly, I award the total of $14,324.20[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Diana Stadelnikas Sedar.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
**Nora Beth Dorsey**
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).